IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND MARTINEZ, #1587137, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-1431-B-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be denied.

**I. BACKGROUND**

On July 22, 2009, Petitioner pled guilty to intoxication manslaughter with a deadly weapon, and was sentenced to 15 years imprisonment. *State v. Martinez*, No. F08-23786 (Criminal District Court No. 5, Dallas County, 2009). Petitioner did not appeal, and the Texas Court of Criminal Appeals denied his state habeas application. *See Ex parte Martinez*, No. WR-77,328-01 at Action Taken Sheet (Tex. Crim. App. Apr. 4, 2012) (denying application without written order on findings of trial court without hearing).[1] In the three grounds raised in this timely federal petition, Petitioner challenges his guilty plea and the deadly weapon finding, and claims ineffective assistance of counsel. (Doc. 3 at 6-7). Respondent argues the petition lacks merit and Petitioner has filed a reply with a request for an evidentiary hearing. (Doc. 12, 14).

---

[1] SHCR-01 refers to the State Habeas Clerk's Record in case number WR-77,328-01.

## II.  ANALYSIS

Habeas corpus relief is precluded unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

Here, Petitioner claims ineffective assistance of counsel. Under the AEDPA, the Court reviews such claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). To establish ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. In determining whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 741 (2011) (strict adherence to *Strickland* standard is very important in

guilty-plea cases). To establish prejudice in the context of a guilty plea, Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That means Petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Voluntariness of Guilty Plea (Claim 1)

Petitioner asserts his guilty plea was involuntary because defense counsel (1) "assured him he was getting probation or he would be [permitted] to withdraw his plea," and (2) failed to inform him the sentence would include "a deadly weapon finding," which would require him to serve half of his imprisonment term before being eligible for parole. (Doc. 3 at 6). Relying on defense counsel's affidavit, the state habeas court rejected these claims, finding *inter alia* that the guilty plea was knowing and voluntary.

> The indictment alleged that a deadly weapon was used during the commission of this offense. Thus, Applicant was aware that a deadly weapon was alleged in the commission of the offense. Counsel explained, several times, the consequences of such finding, e.g. that Applicant would have to serve one-half of his sentence before becoming eligible for parole. Applicant's desire to enter an open plea is evident in the letter he wrote to counsel which is included with counsel's affidavit. Counsel spoke with the assigned prosecutor who obtained permission from his supervisor to waive a jury trial and allow Applicant to enter an open plea of guilty to the Court. Counsel did not promise Applicant that he would receive a probated sentence. Applicant chose not to challenge the deadly weapon allegation and entered a plea of true thereto.

SHCR-01 at 46.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if done with sufficient awareness of the relevant circumstances and

likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

The state court record reflects Petitioner entered a knowing and voluntary guilty plea. Petitioner was adequately admonished of the charge, including the deadly weapon finding, the range of punishment, and the consequences of the open plea. SHCR-01 at 53, 57-58. He signed written admonishments stating that he waived his constitutional rights associated with a trial and that he was guilty of the charged offense, including the deadly weapon finding. SHCR-01 at 57-58. Petitioner also executed a written judicial confession to the charge against him and the deadly weapon finding. SHCR-01 at 59. These official court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985) (citations omitted). In addition, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

The state court's factual findings that Petitioner's open plea was voluntary are entitled to a presumption of correctness which must be rebutted by the presentation of clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence"). Petitioner offers only his self-serving allegations to contest those findings. He states that "believing his attorneys [sic]

advice that he was either going to obtain probation . . . or proceed to trial, [he] signed the open plea." (Doc. 4 at 2). He also asserts that "his plea was involuntary because it was under a deceptive practice and ineffective assistance of counsel." *Id.* He avers that his attorney "assured him that if the court did not agree to the probation, he would proceed with a motion to withdraw his plea and go on to trial." *Id.* In his reply, Petitioner adds that his "waivers at the plea point cannot be valid because the consequences of the wavier could not have been known." (Doc. 14 at 4). He also insists that "had he known he was not going to receive [sic] the promised probation, then he would never have plead [sic] guilty . . . but instead would have pursued a jury trial." The Court finds these assertions insufficient to rebut the state court's findings.

Consequently, Petitioner cannot overcome the presumption of correctness afforded the state court's findings. The Court thus concludes that the state court's denial of Petitioner's first ground was a reasonable application of federal law. Accordingly, Petitioner's first claim fails.

<u>Ineffective Assistance of Counsel (Claim 2)</u>

Next, Petitioner contends defense counsel rendered ineffective assistance when he failed to inform Petitioner that a guilty plea would require him to serve half of his sentence before becoming eligible for parole. (Doc. 3 at 6). The state habeas court, however, rejected this claim concluding Petitioner received effective assistance of counsel in connection with his guilty plea. SHCR-01 at 46-47.

Respondent correctly asserts that Petitioner's voluntary guilty plea waived his claim of ineffective assistance. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983) (once a defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the criminal proceedings are waived except for claims of ineffective assistance of counsel relating to

the voluntariness of the plea). Even if not waived, the ineffective assistance of counsel's claim has no merit.

Petitioner has not shown that the state court's decision rejecting his claim was an unreasonable application of clearly established federal law. Relying on trial counsel's affidavit, the state court found that counsel specifically advised Petitioner several times that he would have to serve half of his sentence before becoming eligible for parole and, thus, Petitioner received effective assistance of counsel. SHCR-01 at 46. In his reply, Petitioner reiterates that "he never knew of the deadly weapon issues," so "his plea was not entered as a the result of an informed and conscious choice, but instead under the advice of deficient counsel." (Doc. 14 at 2-3). The state habeas court can generally resolve conflicts in affidavits where, as in this case, the judge who presided at trial also presides at the habeas hearing.[2] *Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995). Moreover, in that instance, "a federal habeas court must accord the presumption [of correctness] to the factual findings" of the state court. *Id*.

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the guilty plea proceedings. The state court's denial of relief on this ground was a reasonable application of federal law. Accordingly, Petitioner's second claim fails.

Insufficient Evidence of Deadly Weapon Finding (Claim 3)

Lastly, Petitioner asserts that there was no evidence to support a deadly weapon finding. (Doc. 3 at 7). This claim, however, is procedurally defaulted as Respondent argues. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) (challenge to sufficiency of the evidence is

---

[2] The Petition is sworn under penalty of perjury and, thus, it has the same effect as an affidavit.

not cognizable in a state post-conviction writ of habeas corpus).  The state habeas court, construing Petitioner's claim as a "challenge to the sufficiency of the evidence to support the deadly weapon finding," found the claim was "not cognizable on habeas."  SHCR-01 at 46-47.  This Court rejects Petitioner's assertion that "there seems to be an absence of available corrective procedures for him to have meaningful review of this issue."  (Doc. 14 at 1).  In addition, Petitioner has not shown cause and prejudice for his default apart from his conclusory allegations of ineffective assistance of counsel, which the Court has previously rejected.  *Id.* at 2.

Notwithstanding procedural default, Petitioner's knowing and voluntary guilty plea waived his claim that there was no evidence to support a deadly weapon finding.  *Smith,* 711 F.2d at 682.  Also as noted by the state court, Petitioner signed a judicial confession admitting to the use or exhibition of a deadly weapon. SHCR-01 at 59.  A judicial confession stipulating to the factual content of the indictment provides a strong enough evidentiary basis to support a judgment of conviction without the need for any corroborating evidence.  *United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008) (citing *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App .1979)).

Thus, Petitioner's third claim fails.

<u>Evidentiary Hearing Not Required</u>

Petitioner requests an evidentiary hearing.  (Doc. 14 at 5).  However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition concerns only claims under section

2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED** on the merits.

SIGNED February 27, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE